UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICHOLAS POWERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-CV-82 RM |
| ) | |
| ) | |
| MARK GERARDOT, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Nicholas Powers, by counsel, filed a complaint pursuant to 42 U.S.C. § 1983. (DE 1.) The court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603.

Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively

reasonable in light of the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. Id.

Mr. Powers alleges that although he surrendered to police and wasn't resisting arrest, the defendants repeatedly punched and kicked him and then allowed a police dog to bite him, causing him pain and injury. Giving him the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against the defendants.

For these reasons, the court:

    (1) DIRECTS the U.S. Marshals' Service to effect service of process on the defendants; and

    (2) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond to the complaint as provided for in the FEDERAL RULES OF CIVIL PROCEDURE.

SO ORDERED.

ENTERED: March  12 , 2012        /s/ Robert L. Miller, Jr.
                                              Judge
                                              United States District Court